## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DALER TOKHIROV,

        *Petitioner,*

   v.

J.L. JAMISON, et al.,

        *Respondents.*

CIVIL ACTION

NO. 26-4543

## <u>ORDER</u>

**AND NOW**, this 8th day of July, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Tokhirov is not subject to mandatory detention under 8 U.S.C.**

   **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

   discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] In April of 2023, Daler Tokhirov—a citizen of Uzbekistan—presented himself to CBP agents at the Calexico, California port of entry.  (Pet. ¶ 11, Dkt. No. 1.)  They inspected, processed and released him into the United States, placed him into removal proceedings, and required him to attend regular ICE check-ins.  (*Id.* ¶¶ 11–13.)  He did so on June 30, 2026, but ICE agents arrested and transported him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 14–15.)  He is currently detained there under § 1225(b)(2) without a bond hearing.  (*Id.* ¶ 16.)

Tokhirov filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, due process and the Administrative Procedure Act.  (*Id.* at 7–8.)  He seeks an order to show cause, declare his detention unlawful, prevent his transfer outside the Eastern District of Pennsylvania, and immediately release him or alternatively order the Government to provide an individualized bond hearing.  (*Id.* at 9.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 5–8, Dkt. No. 4.)

The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Tokhirov was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  Ordering a bond hearing is more appropriate than releasing Tokhirov, and the Court need not

2.   **On or before July 15, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Tokhirov with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Tokhirov may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

address his due process or APA claims.  *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).